ADDIE ROSS et al., Appellants, v. NANCY A. LAWRENCE, Appellee.

**DEEDS: Undue Influence—Evidence.** Evidence held insufficient to
1 show undue influence in the execution of a deed by a sick and enfeebled husband to his wife.

**COURTS: Jurisdiction—Foreign Real Estate.** Principle reaffirmed that
2 the courts of this state have no jurisdiction to determine the title to foreign real estate.

**DEEDS: Validity—Will Confirming Deeds.** Principle reaffirmed that
3 it is idle to question the legality of deeds of conveyance, so long as there exists a probated will of grantor wherein is made the same disposition of the lands as is made in the deeds of conveyance.

*Appeal from Cherokee District Court.*—WILLIAM HUTCHINSON, Judge.

FEBRUARY 14, 1922.

SUIT in equity by the plaintiffs, as the only children of W. P. Lawrence, deceased, to cancel and set aside two deeds

made in his lifetime by said Lawrence to his wife, the defendant herein, on the ground that the grantor was mentally incompetent to make the same, and that the deeds were obtained by undue influence. The answer, in effect, denied mental incompetency and the alleged undue influence. There was a trial, resulting in a decree dismissing the petition. The plaintiffs appeal.—*Affirmed.*

*North & Donovan,* for appellants.

*Molyneux, Maher & Meloy,* for appellee.

Evans, J.—I. The case as presented in the briefs is purely a fact case. In view of our concurrence with the finding of the trial court, we will not enter into a discussion of the details of the evidence. The deeds in question purported to convey the little home at Cherokee and a quarter section of land in South Dakota. The conflicting evidence was directed wholly to the questions of mental competency and undue influence. Since January 20, 1920, Lawrence had been comparatively helpless physically, and was cared for by his wife, with the aid of a nurse. He was taken to a hospital and kept there for a brief time. The direct evidence does not show that he had become mentally incompetent prior to February 28th. The circumstances surrounding him, however, were such as to subject him to the possibility of undue influence. A few days after he was stricken, on January 20th, he caused a codicil to be made to a former will, whereby he directed that his wife take one third of his property. We infer from the record that the former will had devised all his property to his children, and that it had been made, perhaps, before his marriage to the defendant herein. The later deeds under attack, being made on February 28th, supplanted, of course, the will and codicil. Some stress is laid upon the inconsistency of his later conduct with the earlier. The marriage of decedent and defendant had occurred five years and three months before his death. Each of them became the fourth spouse of the other. Each had suffered two bereavements and one divorce. They became acquainted by means of newspaper advertising. The marriage proved as happy as could reasonably be expected. The

1. DEEDS: undue influence: evidence.

decedent was a laborer. The defendant was possessed of means approximating $3,000, a substantial part of which was used in the common support of the pair. The helplessness of the decedent after January 20th resulted in large expense for his care. The defendant became liable for all such expense. Immediately upon the execution of the deed, she paid off a $600 mortgage on the South Dakota property. The value of the homestead does not appear in the record, other than that it was a small home in Cherokee. There is some evidence of the value of the South Dakota land as being $3,000. These were all circumstances which are proper to be considered on the question of undue influence. All of them would naturally operate upon the mind of the grantor as a proper inducement to so convey his property as to protect his wife and to reimburse her for all expenses incurred by her, and to be incurred, out of her own means. The wife's personal care of the patient during his helplessness was very laborious and taxing, and was liable to grow more so, rather than less. The consideration of such circumstances by the grantor would not be an undue influence. Though his own children were affectionate toward him, and visited him in his illness, they were prevented by the exigencies of their own homes and responsibilities from rendering any substantial aid. One son-in-law did render very substantial help as a night nurse for a period of two weeks. He was paid therefor by the defendant, not because he requested it, but because the defendant recognized that he had earned it, and tendered him the pay accordingly. Before making the deeds, the decedent asked that an attorney who had frequently been his adviser in the past be called in. The attorney had a full private conference with him, and drew the deeds pursuant thereto. The testimony of such attorney is a part of the record. So far as disclosed by the record, such witness was entirely disinterested and his evidence is entitled to much consideration. The plaintiffs are all poor. It goes without saying that this fact would naturally appeal to their father in the disposition of his property. On the other hand, there was very little that he could do for them, at best. His own bodily affliction was such as to call upon him with much reason to marshal his little assets so that they might hold out to the end of his day, and so that he might, as far as possible,

protect the rights of the wife, who was his one dependable stay in his helplessness.

The foregoing presents the substance of the evidence. We think it falls short of a showing of undue influence. If we were disposed to a different finding of fact, we should deem it difficult to order a reversal, because of certain features of the record which we note in the following division.

II. It will be noted that one of the instruments under attack conveyed South Dakota land. This fact appears incidentally and without dispute in the record. However, it appears to have had no attention in the briefs. The fact remains that there is no jurisdiction in the courts of Iowa that can determine the title to South Dakota real estate. For such purpose, the plaintiffs must resort to the appropriate court in South Dakota. This fact would eliminate all consideration here of the South Dakota property, and leave for our consideration only such questions as pertain to the homestead. The decedent had no other property in Iowa. He was threatened with the possible necessity of having to sell his homestead, in order to meet the expense that was accumulating upon him. He could not have conveyed it to any other person than his wife, without her consent. She had a homestead right therein. It still subsisted after his death. For aught that appears in the record, the present margin of value of the homestead over and above the wife's interest therein was no greater than the amount of expenses already incurred, or perhaps the amount of advancements already or concurrently made by the wife. It is true that the $600 mortgage was upon the Dakota land, and not upon the homestead, and that the wife had joined in the mortgage. It was primarily, however, the husband's debt, and the payment of it by the wife operated to his benefit. Suppose that the decedent had executed a mortgage to the wife, covering the homestead, to secure her in the repayment of moneys advanced and to be advanced by her. The existence of such a fair consideration would not only negative undue influence in the obtaining of such mortgage, but it would tend strongly to support the transaction, even though the decedent were under mental disability. For aught that appears in the record, the $600 contemporaneously

2. Courts: jurisdiction: foreign real estate.

advanced by the wife in payment of the mortgage was substantially equal to the margin of value of the homestead over and above the wife's interest therein.   Furthermore, inasmuch as all the expenses of the burial and last sickness remaining unpaid upon the death of decedent would necessarily fall upon his surviving spouse, there was a quality of justice in providing for such a situation by the conveyance of this property to the wife, which is not to be ignored in determining the question of undue influence.

III.   Another important fact which appears in the record, and which has received no attention in the briefs, is that the decedent executed also a will, whereby he devised all his property to his wife.   It appears also that such will has been duly probated, whether with or without litigation does not appear.   This will is pleaded by the plaintiffs in a distinct paragraph.   For what purpose it was pleaded is not indicated by any pleading or by any evidence or by any reference thereto in argument here. The prayer of the petition did not attack it.   Whether the plaintiffs could set aside such will by a suit in equity, we need not determine.   Their petition did not ask to set it aside.   The will was introduced in evidence, but has not been included in appellants' abstract.   Assuming that such will is valid, which we must do for the purpose of this case until it has been set aside by some appropriate proceeding, what interest have the plaintiffs in the subject-matter of this suit?   They were not the owners of the property when it was conveyed by the deceased, and are not the owners thereof now, unless they have inherited the same from their father as an intestate, or unless they have acquired the same by the provisions of his will.   In the presence of the will, they inherit nothing.   They concede that nothing has been devised to them by the will.   It may be that they could properly have instituted a contest to set aside the will, and that they · could have carried on such suit and the present suit concurrently.   We do not decide.   Even then, the will contest should be determined first.   It would be an idle proceeding to enter decree herein setting aside the deeds, if the validity of the will were finally sustained.   *McGovern v. McGovern*, 192 Iowa 1196.

3. DEEDS: validity:
will confirming
deeds.

The decree entered below dismissing the petition is— *Affirmed*.

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.