BLANKENSHIP *v.* MONTGOMERY.

4-9490                                        239 S. W. 2d 272

Opinion delivered May 7, 1951.

Rehearing denied June 4, 1951.

*T. B. Vance* and *James F. Vance,* for appellant.

*A. L. Burford* and *Shaver, Stewart & Jones,* for appellee.

Ed. F. McFaddin, Justice. This case, while not a sequel, is an aftermath to the case of *Montgomery* v. *Blankenship,* 217 Ark. 357, 230 S. W. 2d 51 (hereinafter called "the first case").

On January 27, 1944, Mrs. Ida M. Bottoms executed two instruments: one was a "Living Trust," and the other was her Last Will and Testament. Mrs. Bottoms died on December 21, 1944, a resident of Miller County, Arkansas; and on January 3, 1945, the Miller Probate Court entered a judgment admitting her will to probate. In the first case, the heirs at law of Mrs. Bottoms sought to have the "Living Trust" instrument declared null and void; but we sustained the "Living Trust" because it was incorporated by reference into Mrs. Bottoms' will. We said:

"It is admitted that since no attack was made on the will within six months after it was duly probated and notice thereof published, the plaintiffs are now barred by limitations from contesting it, under the provisions of Act 401 of the Acts of 1941, Ark. Stats. 1947, § 60-210.

". . . Since no attack was made upon the probate of the entire will within the time provided by law, appellees cannot now single out for attack a portion of the will which was incorporated by reference and became as much a part of the will as any of its other provisions. They cannot do indirectly what they are barred by statute from doing directly."

Our opinion in the first case was delivered May 29, 1950; and on June 15, 1950, the heirs at law of Mrs. Bottoms filed the present action in the Miller Probate Court, seeking to set aside the judgment of January 3, 1945, which admitted Mrs. Bottoms' will to probate. In their complaint the heirs alleged: (a) that fraud was practiced on the Probate Court[1] in procuring the said judgment admitting the will to probate; and (b) that the

[1] This is the fourth ground stated in § 29-506, Ark. Stats., for vacating a judgment after the term.

heirs had meritorious grounds of attack on the said will—
*i. e.*, they claimed Mrs. Bottoms lacked mental capacity,
and also that she was unduly influenced in the execu-
tion of the alleged will. The defendants (the executor
and beneficiaries of the will of Mrs. Bottoms) demurred
to the complaint; and the Probate Court sustained the
demurrer, and dismissed the complaint when the heirs
refused to plead further. From the said order of dis-
missal the heirs of Mrs. Bottoms prosecute this appeal.

The judgment admitting Mrs. Bottoms' will to pro-
bate was on January 3, 1945; and the present action to
set aside the judgment was not filed until June 15, 1950.
It is apparent that if the judgment, admitting the will to
probate, is a valid judgment, then the present attempt of
the heirs, to contest the will, is barred by limitations; and
this is true whether the applicable statute be Act 401 of
1941[2] (which limits the period of contest to six months),
or section 53 of Act 140 of 1949[3] (which in some instances
allows a longer time within which to contest a will). As-
suming that the heirs of Mrs. Bottoms have sufficiently
alleged meritorious grounds for attacking Mrs. Bottoms'
will, nevertheless, the heirs necessarily have the addi-
tional burden of alleging—by sufficient facts—a cause of
action to the effect that the judgment of January 3, 1945,
was procured by fraud practiced on the Court.

Therefore, we direct our attention to the question of
the sufficiency of the allegations regarding such fraud.
And in this connection, we point out that such "fraud in
procurement" must be fraud extrinsic of the matters and
facts on which the judgment[4] was based. What we said in

---

[2] This Act may be found in § 60-210, Ark. Stats.

[3] This is from the Probate Code of 1949; and the particular section
mentioned may be found in Pocket Parts to Ark. Stats., § 62-2114.

[4] The Probate Court judgment of January 3, 1945, admitting Mrs.
Bottoms' will to probate, reads in part:

"On this the 3rd day of January, 1945, this cause coming on to
be heard upon the petition of T. A. Clark and Winston Montgomery, in
their capacities as Executors of the estate of Mrs. Ida M. Bottoms,
deceased, for the probation of the Will of said Testatrix, Mrs. Ida M.
Bottoms, deceased; and J. K. Wadley and William G. Fuller, being
then present in Court and being first duly sworn that the testimony
that they should give in the matter of the probation of the Will of said
decedent should be the truth, the whole truth and nothing but the
truth, having given their testimony which was taken in writing by the
Clerk of this Court, and is now ordered to be filed as a part of the

*Manning* v. *Manning,* 206 Ark. 425, 175 S. W. 2d 982, is apropos:

" 'The fraud which entitles a party to impeach a judgment must be fraud extrinsic of the matter tried in the cause, and does not consist of any false or fraudulent act or testimony the truth of which was or might have been in issue in the proceeding before the court which resulted in the judgment assailed. It must be a fraud practiced upon the court in the procurement of the judgment itself.' *Parker* v. *Sims,* 185 Ark. 1111, 51 S. W. 2d 517.''

Also, in *Alexander* v. *Alexander,* 217 Ark. 230, 229 S. W. 2d 234, we quoted from the leading case of *United States* v. *Throckmorton,* 98 U. S. 61, 25 L. Ed. 93:

" 'Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,— these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside

records in this cause; and upon the taking of said testimony, the Court, having heard the same and being satisfied that the said Will was executed in manner and form as required by law, and that the decedent was at the time of her death and prior thereto a citizen and resident of the County of Miller and State of Arkansas, and then was of sound and disposing mind and memory, doth find:

"That the paper writing filed with the Clerk in this cause purporting to be the Last Will and Testament of the said Mrs. Ida M. Bottoms is in truth and in fact her Last Will and Testament and is entitled to probate as such; and from the testimony of the attesting witnesses taken before the Court, the Court further finds that said Will has been attested and executed in manner and form required by law; . . .

"IT IS THEREFORE considered, ordered and adjudged by the Court that the paper writing here and now offered for probate, dated the 27th day of January, 1944, be, and the same is hereby admitted to probate as the Last Will and Testament of the said Mrs. Ida M. Bottoms, deceased, and the Clerk of this Court is hereby ordered and directed to record the same in the Will Records of Miller County, Arkansas, together with the proof by the attesting witnesses to said Will. . . .''

and annul the former judgment or decree, and open the case for a new and a fair hearing. . . . On the other hand, the doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed.' ''

The complaint of the heirs in the case at bar says: ''That said Frauds practiced upon the Court in obtaining said Order are as follows''; and the complaint then contains four numbered paragraphs which we now summarize and discuss:

(1)—The complaint alleged that the attorney and proponents of the will, in seeking the said order of probate, failed to exhibit the original will to the Court, and that only a *copy* was exhibited when the said judgment was obtained, admitting the will to probate. The answer to this allegation is obvious. If it was represented to the Court that the will presented was the original will, and it later proved to be only a copy,[5] then such representation was not extrinsic, because the existence and exhibition of the original will to the Court as the time of probate was one of the *intrinsic* matters in the hearing and judgment. It is only for fraud extrinsic of the matter at issue that a judgment will be set aside.

(2)—The complaint alleged that the attorney and witnesses for the proponents of the will fraudulently concealed from the Probate Court that the Testatrix lacked mental capacity when she executed the will. The answer to this is: the mental capacity of the testatrix was the question at issue; it was intrinsic to the hearing and judgment made. Even if the witnesses testified falsely regarding the sanity of the testatrix, and even if the witnesses withheld evidence on this matter of mental capacity, nevertheless, such was not extrinsic.

(3)—The complaint alleged that the attorney and proponents of the will, in addition to misrepresenting

---

[5] The complaint refers to a withdrawal of the original will and says: "A copy of said transaction, as evidenced by Attorney's Receipt Number 3047, is attached hereto, marked Exhibit 'D' and made a part hereto." No such "Exhibit D" is attached to the complaint.

Mrs. Bottoms' mental condition, also persuaded the Probate Court to appoint the executors without requiring that they execute a bond, as set forth in Act 203 of 1943 (§ 62-223, Ark. Stats.). These allegations were also intrinsic: assuming the law requires a bond, nevertheless, the failure of the Probate Court in term time to require a bond is a matter of intrinsic mistake and not of extrinsic fraud. Furthermore, the failure to require a bond of the executors is an omission that would go to the appointment of the executors, and not to the merits of the judgment probating the will.

(4)—The complaint alleged that the attorney and proponents of the will fraudulently concealed from the Probate Court the fact that Mrs. Bottoms' will made reference to the 26-page "Living Trust" instrument; and that they failed to exhibit such "Living Trust" instrument for probate as a part of the will. The answer to this allegation is found in appellants' pleadings. As an exhibit to the complaint, the heirs attached what they claimed to be a copy of the will as probated; and such exhibit recites:

"I hereby will and bequeath, and charge my Executors with the making of the dispositions, unto the persons listed in Schedule 'A' which is in the custody of the Texarkana National Bank, and identified by my initials on each separate sheet and consisting of Twenty-six (26) pages, the items of personal property therein indicated."

Again, the copy of the will, attached to the plaintiff's complaint, has this language:

"I have signed my name on the margin of each of the sheets of paper upon which this will is written, they being numbered from One (1) to Two (2) consecutively and inclusively, and to sheets numbered One (1) to Twenty-six (26) of the Exhibit 'A' referred to herein, this the 27th day of January, A. D. 1944."

Thus, when the will was presented to the Probate Court it showed on its face two distinct references to the 26-page "Living Trust" instrument which we held in the

first case to have been incorporated into the will by such references. Certainly, therefore, the existence of such 26-page instrument was intrinsic to the trial in the Probate Court which resulted in the judgment probating the will; and any misrepresentation or suppression of information about the 26-page "Living Trust" instrument was not extrinsic of the trial which resulted in the judgment probating the will.

In the case at bar the complaint, in all of its allegations as to fraud in the procurement of the judgment, stated only matters intrinsic to the issue actually tried and decided in the proceedings that resulted in the judgment of January 3, 1945, probating the will; and did not allege any fraud in matters extrinsic of that hearing. Therefore, the complaint failed to state a cause of action based on "fraud in procurement," and the judgment of dismissal was correct, and is in all things affirmed.