HOGAN, et al. *v.* SILLERS, ADMR., ETC.

No. 42609          April 1, 1963          151 So. 2d 411

*Dent, Ward, Martin & Terry,* Vicksburg, for appellants.

*Jacobs, Griffith & Hatcher, Alfred A. Levingston,* Cleveland; *William A. Bacon,* Jackson, for appellees.

ARRINGTON, J.

On March 5, 1959, William Clay Roberts filed in the Chancery Court of Bolivar County a petition praying for the probate in common form of a purported last will and testament of Miss Alexandria Cammie Dabney, the said Roberts being named as executor in said purported will. On March 7, 1959, a decree was entered by the chancellor admitting the will to probate in common form. Thereafter, on March 13, 1961, after ob-

taining authority of the chancery court so to do, William Clay Roberts, as executor of the estate of Miss Alexandria Cammie Dabney, filed a petition for an adjudication whether the instruments theretofore admitted to probate in common form were the valid last will and testament of Miss Alexandria Cammie Dabney, deceased.

The executor named as defendants to said petition all the heirs at law of Miss Dabney, deceased, and all of the legatees and devisees named in the last will and testament. Some of the heirs answered and contended that the documents were not the true last will and testament of the decedent, and a number of the beneficiaries under said purported will appeared for the purpose of determining the identity of the legatees and devisees under the will.

The cause came on for hearing on the pleadings and evidence and the chancellor rendered a decree that the instrument theretofore admitted to probate as the last will and testament of Miss Alexandria Cammie Dabney, deceased, dated April 8, 1950, and to which there is a codicil dated September 12, 1951, was the valid last will and testament of Miss Alexandria Cammie Dabney, deceased. Other parts of the decree of the chancellor adjudicated who were the intended beneficiaries under said will. Two of the heirs at law of Miss Dabney, deceased, appealed.

The last will and testament involved in this case was found by the chancellor to have been wholly in the handwriting of Miss Dabney, but the will was not signed although it was dated April 8, 1950. Attached to the bottom thereof on the same piece of paper which contained the latter part of the will appears a codicil in the following words: ''Cordicil (sic) I leave to Mrs. Gaston Trudeau, 453 Andisbun Blv'd New Orleans, La. all my coffee after dinner tea spoons and my garnet nechlace. Date - 12 of Sept. 1951.

/s/ Cammie Dabney''

The chancellor found that the entire will, the codicil and the signature "Cammie Dabney" were wholly written by Miss Alexandria Cammie Dabney, now deceased.

The first question presented by appellant's assignments of error and brief is whether the last will and testament, which was admittedly invalid as a holographic will because it was not signed, was validated and republished by the addition of the codicil written at a subsequent date and duly dated and signed.

(Hn 1) The general rule prevailing in a majority of states is that a properly executed codicil operates as a republication of an earlier will or codicil no matter what defects may have originally existed in the execution of the earlier document. This broad rule is supported by cases from at least twenty-two jurisdictions. 21 A.L.R. 2d 822. This Court has not passed upon this question but we are of the opinion that the general rule just stated, and which is supported by the great weight of authority elsewhere, is sound and should be adopted. In the case of Taft v. Sterns, 230 Mass. 273, 125 N.E. 570, it is stated that the principle that a validly executed codicil constitutes a republication of the will does not rest upon the presence in the codicil of technical words in terms of affirming and republishing the original will, but upon the broader consideration that the execution of the instrument denominated as codicil imports in the mind of the person executing the codicil the existence of a will which can be supplemented and modified. We are of the opinion that common sense requires the adoption of the rule that a valid codicil constitutes a republication under the circumstances existing in the present case.

(Hn 2) The remainder of the argument of appellants consists in the contention that a number of the beneficiaries under the will were not sufficiently identified, these being charitable beneficiaries. We are of the opinion that there was sufficient evidence for the chancellor

to find as a fact that the beneficiaries he found entitled to take under the will were the ones intended to be designated therein. The designation of a legatee or devisee need not be exact if the will when applied to the facts and circumstances identifies the beneficiary from all others. Fuqua v. Mills, 221 Miss. 426, 73 So. 2d 113, suggestion of error overruled, 73 So. 2d 928; Thompson on Wills, 3rd ed., page 412, par. 262.

In our opinion the question of the identity of the beneficiaries was one of fact and the chancellor was justified in his findings. Certainly, we cannot say he was manifestly wrong in this respect. Finding no reversible error, the case should be and it is affirmed and remanded.

Affirmed and remanded.

*McGehee, C. J., and McElroy, Rodgers and Jones, JJ.,* concur.