Alexandra **GIGILOS** et al., Appellees,

v.

Peter **STAVROPOULOS** et al., Appellants.

No. 55163.

Supreme Court of Iowa.

Feb. 21, 1973.

David M. Elderkin and Tom Riley, Cedar Rapids, for appellants.

Francis J. Pruss, Cedar Rapids, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

This is an action for damages on a claim of fraud for probating a will. We reverse.

Chris S. Poulos (decedent) died February 28, 1967 a resident of Linn County, Iowa. An instrument purporting to be his will was admitted to probate. Letters were issued to Peter Stavropoulos as provided by the will and the assets of the estate were given him as named beneficiary.

Plaintiffs, who are heirs at law of decedent, brought this action on the claim the will was forged. The petition alleged the will was admitted into probate and had attached a copy of the will, the order admitting it into probate, and the letters. The action is for damages for the value of the estate and for exemplary damages against Stavropoulos and the two attesting witnesses to the will. This interlocutory appeal is from the ruling of the trial court denying defendants' motion for summary judgment.

I. It is clear the action is a collateral attack on the order admitting the will to probate. A direct attack was available to plaintiffs in the form of an action to set aside the will. It appears such a direct attack was later separately undertaken but the plaintiffs have not succeeded in contesting the will. We note the will contest resulted in a verdict in favor of the proponents and that verdict is now the subject of post-trial motions in district court. The first question is whether plaintiffs' claim

will be heard unless and until the order admitting the will is set aside. The clear answer is that it will not.

"Heirs at law, or devisees under a former will, can obtain relief against fraud or duress in the execution of a will only by contest of the will. * * *." Atkinson on Wills (2d ed.), section 57, page 270.

"A probated will is not subject to collateral attack on the ground of forgery, improper execution, lack of testamentary capacity or revocation. * * *." Id. section 96 at 499.

■ "The general rule is that a judgment or decree admitting a will to probate, when made by a court having jurisdiction thereof, may be attacked only in such direct proceedings as are authorized by a statute, and is not open to attack or impeachment in a collateral proceeding, if it has not been superseded, reversed, or annulled, and if there appears on the face of the record the elements of validity; the effect of the probate of a will is held to be to establish the validity of the will against collateral attack. * * *." 95 C.J.S. Wills § 578, page 687. Our cases are in accord. Ross v. Lawrence, 193 Iowa 47, 186 N.W. 455; In re Estate of Huston, 238 Iowa 297, 27 N.W.2d 26; Abel v. Abel, 245 Iowa 907, 65 N.W.2d 68.

The rule precluding a collateral attack on the order admitting a will proceeds from the law of judgments. It is an application of the distinction, when challenging judgments, between extrinsic and intrinsic fraud.

■ "Generally speaking equitable relief against a judgment may be granted for extrinsic fraud but not for intrinsic fraud. The fraud which will afford ground for equitable relief against a judgment must be extrinsic, extraneous, or collateral to the matters or issues tried in the action in which the judgment was rendered; relief on the ground of fraud cannot be predicated on matters or issues which actually were, or which with due diligence could

have been, presented and adjudicated in the original proceedings. * * *." 49 C. J.S. Judgments § 372 b(2), page 738. See also 37 Am.Jur.2d, Fraud and Deceit, section 5, page 24. Again our cases are in accord. Edgerly v. Sherman, 252 Iowa 352, 107 N.W.2d 72; City of Chariton v. C. J. Blunk Constr. Co., 253 Iowa 805, 112 N. W.2d 829.

■ The fraud alleged by these plaintiffs is plainly intrinsic and of the type precluded under the rule which prohibits a collateral attack on the will. It is a play on words to assert it is a separate fraud to present for probate a will the defendants had fraudulently prepared. The genuineness of a will is the whole question to be considered when it is presented for probate, contested, or ordered admitted for probate. We approve the language of the Arkansas Supreme Court:

"The complaint alleged that the attorney and witnesses for the proponents of the will fraudulently concealed from the Probate Court that the testatrix lacked mental capacity when she executed the will. The answer to this is: The mental capacity of the testatrix was the question at issue; it was intrinsic to the hearing and judgment made. Even if the witnesses testified falsely regarding the sanity of the testatrix, and even if the witnesses withheld evidence on this matter of mental capacity, nevertheless, such was not extrinsic." Blankenship et al. v. Montgomery, 218 Ark. 864, 868, 239 S.W.2d 272, 275.

In effect plaintiffs insist the alleged fraud is their justification to make the claim. In doing so they base their right to bring this suit on their version of a disputed claim we have long held they cannot assert. Their sole remedy is the will contest they separately brought.

II. The trial court held the motion for summary judgment was not adequate for defendants' attack on the petition and gave three reasons. The ruling pointed to the lack or want of affidavits supporting the motion. It referred to the sharp dispute

between the parties on the claim and denial of fraud. Finally the court was influenced by the fact a motion to dismiss, bottomed on substantially the same ground, had been previously made and overruled.

■ The motion for summary judgment did not need supporting affidavits. It stood on the well established rules of law we have previously discussed. A motion for summary judgment under rule 237, Rules of Civil Procedure is to some extent broader in scope and aim than is a motion for judgment on the pleadings under rule 222, R.C.P. A motion for summary judgment may take into account certain facts established outside the pleadings such as those disclosed in depositions or by way of affidavits. However there is no requirement a motion for summary judgment must be grounded on matters in part beyond the pleadings. Here plaintiffs conveniently attached to their petition the will and all papers necessary to show its admission for probate. This was ample to present the question of law we have considered. The motion was not inadequate for its lack of supporting affidavits.

■ Of course there is a sharp dispute between the parties as to whether there was fraud. The existence of this dispute is not questioned but its existence in no way reflects on the appropriateness of the motion. The trial court noted summary judgment is a "drastic remedy," and expressed reluctance to deprive plaintiffs an opportunity to present their claim at trial. It would be answer enough to note the rule upon which defendants rely is much older than the concept of summary judgments. Orders admitting wills to probate were not subject to collateral attack long prior to the advent of summary judgments. To

this can be added our expressed view on the nature and purpose of summary judgments. There would be no advantage in repeating our explanation again. See Gruener v. City of Cedar Falls, 189 N.W.2d 577 (Iowa 1971). The fact the parties disagree on whether there was fraud is not material on the question of the appropriateness of a motion for summary judgment. It is not material because defendants rightly insist the plaintiffs, in point of law, cannot assert such fraud in this collateral proceeding.

■ Defendants were not precluded from seeking summary judgment by reason of the previous overruling of a motion to dismiss. It is true the motion to dismiss was urged on the same legal theory but this did not, as the trial court felt, establish "law of the case" precluding the later motion.

"No pleading shall be held sufficient for failure to move to strike or dismiss it. If such motion is filed and overruled, error in such ruling is not waived by pleading over or proceeding further; and the moving party may always question the sufficiency of the pleading during subsequent proceedings." Rule 110, R.C.P.

■ The legal proposition rejected by the trial court on the motion to dismiss could be properly presented to the trial court again. Kuiken v. Garrett, 243 Iowa 785, 51 N.W.2d 149, 41 A.L.R.2d 1397. See also Bremmer v. Journal-Tribune Pub. Co., 247 Iowa 817, 76 N.W.2d 762.

Defendants' motion for summary judgment should have been sustained. The ruling of the trial court is

Reversed and the cause remanded for action in conformity herewith.