**Donald ABEL and Linda Abel, Appellants,**

v.

**R. Richard BITTNER and First Trust and Savings Bank, Appellees.**

**In the Matter of the ESTATE OF Harold Reimers BECHTEL, Deceased.**

**Donald ABEL and Linda Abel, Appellants,**

v.

**R. Richard BITTNER and First Trust and Savings Bank, Co–Executors of the Estate of Harold Reimers Bechtel, Deceased, Appellees.**

Nos. 89–1886, 89–1887.

Supreme Court of Iowa.

May 15, 1991.

As Corrected June 19, 1991.

**349**

Michael E. Sheehy of Tom Riley Law Firm, P.C., Cedar Rapids, and David J. Smith, Cedar Rapids, for appellants.

Clay LeGrand of Stanley, Rehling & Lande, Davenport, and John J. Carlin and Jeffrey S. Bittner of Carlin, Hellstrom & Bittner, Davenport, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and ANDREASEN, JJ.

CARTER, Justice.

Plaintiffs, Donald Abel and Linda Abel, appeal from adverse judgments in a probate action seeking to avoid a codicil to the will of Harold Bechtel, deceased, and a law action seeking damages from defendants for alleged tortious interference with plaintiffs' inheritance expectancy. They contend that the district court erred in ruling that, even if the first codicil to decedent's will was the product of undue influence when executed, it was validated by reaffirmation in the second and third codicils to decedent's will. Plaintiffs also contend that the district court erred in imposing sanctions against their trial counsel pursuant to Iowa Rule of Civil Procedure 80(a). Defendants contend that the sanctions imposed were insufficient. Upon considering the arguments of the parties, we affirm the judgment of the district court.

Harold Bechtel executed his last will on January 21, 1985. In it he bequeathed the sum of $80,000 to plaintiffs, Donald Abel and Linda Abel. That bequest was later eliminated, however, by the execution of the first codicil to Bechtel's will on July 26, 1985. Second and third codicils to the will were executed by Bechtel on August 19, 1986, and December 11, 1986, respectively, each of which made specific reference to the first codicil executed July 26, 1985, and made specific bequests to parties other than plaintiffs. Bechtel died on April 8, 1987.

In August 1987, plaintiffs filed a petition in probate challenging the three codicils to Bechtel's will as forgeries and as the product of undue influence and mental incompetency. In March 1988, plaintiffs filed a law action seeking compensatory and punitive damages from defendants based on an alleged tortious interference with plaintiffs' inheritance expectancy. On July 25, 1989, a district court ruling in the law action granted defendants summary judgment on all issues except the issue of undue influ-

ence exercised upon Bechtel in the execution of the three codicils.

In October 1989, scheduling conferences were being held for these two cases. It became apparent at this time that plaintiffs had not secured jurisdiction over all of the legatees named in the second and third codicils to Bechtel's will. Apparently for purposes of obviating this jurisdictional problem, plaintiffs, on October 18, 1989, withdrew their challenges to the second and third codicils. On October 23, 1989, the district court entered an order following a pretrial conference which indicated that the sole issue to be tried in both the law action and the probate action was whether there was undue influence exercised upon Bechtel concerning the first codicil.

Defendants filed a motion for summary judgment in the probate action, asserting that plaintiffs had no basis for avoiding the first codicil based on circumstances which existed at the time of its execution. This argument was premised on the contention that the second and third codicils, which were no longer being challenged, had reaffirmed the testamentary disposition contained in the first codicil. The district court held that a will or codicil, which might be invalid as originally executed, is validated by reaffirmation upon the execution of a later codicil which specifically identifies the prior testamentary disposition. Based on this conclusion, the court granted defendants' motion for summary judgment dismissing plaintiffs' claims in the probate action. One week later it granted a similar motion for summary judgment dismissing plaintiffs' claims in the law action.

Following the dismissal of plaintiffs' claims, the district court considered defendants' request for sanctions against plaintiffs and their then trial counsel pursuant to Iowa Rule of Civil Procedure 80(a). The district court found that no violation of rule 80(a) occurred in the original pleadings filed in the law action. It determined, however, that, at the time of a proposed amendment to the petition filed on July 13, 1989, plaintiffs' trial counsel (other than present appellate counsel) had had sufficient opportunity to discover the lack of merit in certain claims espoused. Based on this circumstance, the court concluded that the filing of the proposed amendment was a violation of rule 80(a). The court concluded that a sanction of public admonishment was appropriate for this violation. Because an appeal was pending in the probate action, the court declined to rule on a motion for sanctions in that proceeding.

### I. *The Reaffirmation Issue.*

The first issue, which is dispositive of the merits of the litigation, concerns whether the district court correctly applied the doctrine of reaffirmation. This doctrine recognizes that a will or codicil which was invalid as originally executed because of undue influence is republished and validated by the execution of a codicil thereto by the testator at a time when that person was no longer subject to undue influence. 79 Am.Jur.2d *Wills* § 698, at 778 (1975); 94 C.J.S. *Wills* § 234, at 1084 (1956); Annotation, *Codicil as Validating Will or Codicil Which Was Invalid or Inoperative at the Time of Its Purported Execution,* 21 A.L. R.2d 821, 831 (1952 & Supp.1982). This rule has been applied in the following cases from other jurisdictions: *Warren v. Sanders,* 287 S.W.2d 146, 147 (Ky.1956) (even though will may be invalid for undue influence, a validly executed codicil may reaffirm same); *Alden v. Lewis,* 248 Miss. 663, 669, 160 So.2d 181, 183 (1964) (properly executed codicil operates as republication of earlier will no matter what defects originally existed); *Cline v. Larson,* 234 Or. 384, 417, 383 P.2d 74, 89 (1963) (execution of five codicils, all reaffirming will, republished will and gave it validity requiring dismissal of claim of undue influence).

This court has apparently not previously identified this doctrine by name. We find, however, that it is consistent with our treatment of incorporation by reference under testamentary dispositions, *see In re Cameron's Estate,* 215 Iowa 63, 68, 241 N.W. 458, 461 (1932), and our case law concerning revival of previously revoked testamentary dispositions by execution of a

codicil. *See Blackett v. Ziegler*, 153 Iowa 344, 348, 133 N.W. 901, 902–03 (1911).

 Plaintiffs urge that the withdrawal of their separate challenges to the second and third codicils should not have precluded them from challenging those instruments in the trial of their challenge to the first codicil. We disagree. Within the context of the present litigation, the second and third codicils were not merely evidentiary in nature. They were formal testamentary dispositions which had been admitted to probate and thus were subject only to direct attack. *See Gigilos v. Stavropoulos*, 204 N.W.2d 619, 621 (Iowa 1973).

We hold that the district court correctly applied the doctrine of reaffirmation so as to preclude plaintiffs from avoiding the provisions of the first codicil to Bechtel's will. Based on such preclusion, defendants were entitled to judgment as a matter of law in the probate action. They were also entitled to judgment as a matter of law in the law action as a result of the rule prohibiting collateral attack on testamentary dispositions. *See Gigilos*, 204 N.W.2d at 621. Because we find that both cases were properly decided on a motion for summary judgment, we need not consider plaintiffs' arguments concerning consolidation and order of trial.

## II. *The Sanctions Issue.*

Both plaintiffs and defendants challenge the district court's conclusion that plaintiffs' counsel was subject to sanctions under rule 80(a). Plaintiffs assert that no sanction was warranted. Defendants assert that the sanction imposed was inadequate. Application of the abuse-of-discretion standard which we apply to sanction issues, *see Fields v. Iowa Dist. Court*, 468 N.W.2d 38, 40 (Iowa 1991), requires that we uphold the district court's order.

Defendants also urge that the district court erred in not imposing sanctions in the probate action. We believe that the court's finding that there was no basis for sanctions as a result of the filing of the original petition in the law action would similarly negate any sanctions for the original filing in the probate action. Matters which came

to counsel's attention after the filing of the petition may not be the basis for sanctions under the rule adopted in *Mathias v. Glandon*, 448 N.W.2d 443, 447 (Iowa 1989). The *Mathias* rule did not preclude sanctions in the law action because of an amendment to the pleadings. No similar amendment appears in the probate action and thus the record shows no basis for sanctions in that proceeding.

We have considered all issues presented and conclude that the judgments should be affirmed in both actions.

AFFIRMED.