J. M. BAKER, Appellant, v. WILLIAM PALMER, Appellee.

**TRIAL: General Finding by Court.** A general finding by the court for defendant implies that the court has found in defendant's favor on every material issue.

*Appeal from Clarke District Court.*—HOMER A. FULLER, Judge.

FEBRUARY 7, 1922.

ACTION at law, to recover an amount alleged to be due the plaintiff as commission earned in the procurement of a pur-

chaser for defendant's farm. Trial to the court without jury. Judgment for defendant for costs, and plaintiff appeals.— *Affirmed.*

*O. M. Slaymaker* and *A. M. Miller,* for appellant.

*Temple & Temple,* for appellee.

WEAVER, J.—Plaintiff states his claim in several different forms, which may be abbreviated, as follows: (1) Upon express contract to pay a commission of $2.00 per acre for finding a buyer for defendant's 80-acre farm; (2) upon *quantum meruit* for services performed in finding a buyer for defendant's farm; (3) upon express contract to pay plaintiff a commission of $2.50 per acre for such services.

Defendant denies the allegations of the petition and amendments thereto; admits that, in conversation with plaintiff, he offered to pay plaintiff a commission of $1.00 per acre for finding a buyer for the farm, such commission to be paid when the sale was made and defendant had received payment for the property. The answer further alleges that plaintiff brought to the defendant one Newcomb, as a proposed purchaser, with whom an option contract was made for such purchase; but that no sale was, in fact, effected, said Newcomb failing and refusing to take advantage of the option or to buy or pay for the land; and that no sale thereof was ever made or accomplished through the plaintiff's alleged agency. The trial court found for the defendant generally, and entered judgment against plaintiff for the costs.

I. It will be borne in mind that, according to defendant's answer, no commission was to be payable to the plaintiff until a sale was accomplished and defendant had received payment therefor. If that defense was established, there can be no recovery by the plaintiff; for it appears without dispute that the alleged purchaser did not take the land or pay its price, and that the property is still held and owned by the defendant. Upon the issue so raised, there is direct and competent testimony in support of the defendant's version of the agreement. Its credibility and weight were matters for the trial court, and its finding thereon has the effect of a jury verdict.

II. The appellant in this court devotes his entire argument to the other issue raised by the pleadings. Defendant, while conceding that there was a contract entered into between him and Newcomb, avers that it was not a contract of sale, but at most was the grant of an option, of which Newcomb never took advantage. The writing in question contains language which, if considered without reference to other stipulations, would, without doubt, be construed as a contract of sale. Among such other stipulations is the following:

"It is understood in case the second party [Newcomb] fails to make payments as above agreed, then all payments that have been made shall be forfeited to first party [defendant] as damages in full and contract canceled."

Whether this was a contract of sale or a mere option, from which Newcomb could withdraw without being liable to an action for specific performance or damages, may be open to doubt,—a question which, for at least one sufficient reason, need not now be decided. The trial court's judgment for the defendant generally involves a finding in his favor on all the issues, and these include the plea that, under the agreement between the parties, no commission was to be payable to plaintiff until a sale was made and the price received. That defense, if established, is equally fatal to plaintiff's claim whether the writing be treated as a contract of sale or a grant of an option. The sole error pointed out by the appellant as ground for reversal is the general one that "the court erred in dismissing the plaintiff's petition." This is probably entirely too indefinite to require a review of the record by this court; but even if that requirement be waived, there is nothing shown to overcome or rebut the presumption which obtains in support of the judgment appealed from.

No reversible error is shown, and the judgment of the district court is—*Affirmed*.

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.