Raymond FROHWEIN, Appellant,

v.

W. L. HAESEMEYER, Administrator of the Estate of Ella Koehler, W. L. Haesemeyer and Joyce Buck, Appellees.

No. 60026.

Supreme Court of Iowa.

April 19, 1978.

Rehearing Denied June 23, 1978.

Critelli. & Pille and Jerry R. Foxhoven, Des Moines, for appellant.

Cartwright, Druker & Ryden, Marshalltown, for appellees.

Considered by MOORE, C. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

REES, Justice.

This is an appeal by plaintiff from an order sustaining defendants' motion for summary judgment and dismissing plaintiff's petition for damages, in which he alleges defendants conspired to defraud plaintiff by tortiously causing Ella Koehler to execute a will in favor of the defendant Joyce Buck, contending he had been named as beneficiary in a prior will of the decedent. We conclude the trial court erred in sustaining defendants' motion for summary judgment; and, therefore, reverse and remand for further proceedings.

A detailed chronology of the entire proceedings is essential to a full understanding of the issues we confront in this appeal.

Ella Koehler died on September 4, 1975 and her last will and testament was admitted to probate in Marshall County on September 10, 1975. The defendant, W. L. Haesemeyer, who had been nominated as executor by the terms of decedent's will was appointed and qualified on September 10, 1975. He thereafter caused notice of the probate of the will and of his appointment and notice to creditors to be duly published.

On April 1, 1976 plaintiff filed in the probate proceedings a will contest in which he alleged Ella Koehler lacked mental capacity to make a will and that the will was procured by the undue influence of defendants Haesemeyer and Buck. In answer to plaintiff's petition defendants alleged that the action had been commenced more than six months after the second publication of the notice of probate of will, and that plaintiff's action to contest the will was barred by the provisions of § 633.309, The Code, 1975, as amended by § 8, chapter 208, of the Acts of the 66th General Assembly. Contemporaneously with the filing of their answer, defendants filed motion for summary judgment, referring to the statute of limitations as pled in their answer, which motion for summary judgment was supported by affidavits as by rule authorized. Thereafter, on April 26, 1976 defendants' motion

for summary judgment was sustained on the grounds urged in the motion. No appeal was taken by plaintiff from such ruling.

On May 12, 1976 plaintiff commenced the within action against the defendants, William L. Haesemeyer, Administrator of the Estate of Ella Koehler, William L. Haesemeyer, individually, and Joyce Buck. Said petition was filed on the law side of the docket. In his petition plaintiff claimed defendants conspired to defraud him of a legacy or devise which he expected to receive from the prior will of the decedent, and asserted, "In the furtherance of said conspiracy or agreement, the defendants maliciously, fraudulently, and unlawfully through deceit and undue influence, caused the said Ella Koehler to revoke her prior will, and execute a new will leaving her entire estate to the defendant, Buck." He alleged in a separate division of his petition that the tendering of the alleged fraudulently procured will for probate was a fraud upon the court. Plaintiff prayed for money damages, actual and exemplary, and prayed that a constructive trust be established over the property of the estate for plaintiff's benefit.

On May 19, 1976 defendants filed in said cause, docketed on the law side, their motion to transfer the cause from the law docket to the probate docket, the probate proceedings in the estate of Ella Koehler still being open, on the ground that the plaintiff's law action was an action to contest the will and that the probate court was the only proper forum for the adjudication of the plaintiff's cause of action. To said motion, plaintiff filed his resistance on the ground his action was founded on "independent tortious conduct of the defendants toward this plaintiff", and that the estate of Ella Koehler was not involved therein. The court sustained the motion to transfer from the law docket to the probate docket on the ground that the probate of the will established its validity as against collateral attack and that the alleged undue influence and fraud was intrinsic to the will itself, and was, therefore, not available to the plaintiff in any proceedings other than probate proceedings.

Following the transfer of the cause to the probate docket, defendants filed answer, again alleging that plaintiff's action was barred by the statute of limitations as in the original will contest, and in a separate division alleged plaintiff's action had been previously adjudicated by the court's ruling on the motion for summary judgment in the original will contest; that the sustaining of the motion for summary judgment in the will contest constituted a final judgment and decision of the court from which no appeal had been taken, and that the purported law action was barred by the doctrine of res judicata. Together with their answer, defendants filed motion for summary judgment based on the same grounds as set forth in their answer, viz., (1) the statute of limitations, and (2) the doctrine of res judicata. The motion for summary judgment was supported by affidavit. No resistance was filed to the motion for summary judgment, and following hearing the motion was sustained by the court on all the grounds urged by the defendants in the motion. From said ruling, this appeal was taken.

The plaintiff states the following issues upon which he relies for reversal:

(1) The trial court erred in transferring plaintiff's cause of action from law to probate, specifically contending an independent cause of action for damages in tort exists against one who fraudulently induces or procures a will to the exclusion or damage of another.

(2) The probate court does not have jurisdiction to hear a tort action based on the tortious interference of prospective advantage, even if such interference involved the execution of a will.

■ I. After somewhat extensive research on the questions presented by this appeal, we are constrained to observe that the issues presented herein are matters of first impression in this jurisdiction.

In *Gigilos v. Stavropoulos*, 204 N.W.2d 619, 621 (Iowa 1973), we said collateral attacks on an order admitting a will to pro-

bate usually are not permitted. However, the rationale we employed in *Gigilos* is inapplicable to the situation in this case since we do not view the law action instituted by the plaintiff here as a collateral attack on the probate order although the allegations of plaintiff's petition in the law action could have been presented in a will contest. The plaintiff in this case based his law action on a claimed tortious interference with a bequest in his favor provided him in the prior will of the decedent Ella Koehler.

The tendency of courts in other jurisdictions, when faced with this same issue, seems to be to permit actions of this character to be maintained. In *McGregor v. McGregor*, 101 F.Supp. 848, 849–850 (D.Colo.1951), aff'd 201 F.2d 528 (10 Cir. 1953), the court recognized that "[t]here is little, if any, dispute among the authorities that a person who has wrongfully deprived another of his just bequest under a will has perpetrated an actionable tort." (citations). However, the courts have ruled with almost equal unanimity that before the deprived legatee can seek relief in a tribunal other than the proper probate court, an attempt first must have been made to probate the will which is alleged to give rise to the claim, or that, in the alternative, it must be alleged and shown that such probate is impossible under the circumstances of the particular case." The plaintiff, in *McGregor*, did not prevail since the above prerequisites were not alleged or proven. In *Casternovia v. Casternovia*, 82 N.J.Super. 251, 256, 197 A.2d 406, 409 (1964), the Superior Court of New Jersey, by way of dictum, indicated a cause of action for the wrongful interference with a gift or legacy would lie.

In *Allen v. Leybourne*, 190 So.2d 825, 829 (Fla.Dist.Ct.App.1966), the Florida court said, "It is our opinion that when there is an allegation that the testator had a fixed intention to make a bequest in favor of the plaintiff and there existed a strong probability that this intention would have been carried out but for the wrongful acts of the defendant there exists a cause of action. While it is true that such a cause of action is difficult to prove, that does not affect the existence of a ground of tort liability."

W. Prosser in The Law of Torts, § 130 at 951 (4th ed. 1971), said on the subject: "There is no essential reason for refusing to protect such non-commercial expectancies, at least where there is a strong probability that they would have been realized. In cases where this probability has approached something like a certainty, as in the case of incompetency of the testator to make a change, or suppression of the will after his death, recovery has been allowed; * *." (footnotes omitted).

We have recognized the existence of actions in tort for wrongful interference with business advantage. See *Farmers Co-operative Elevator, Inc. v. State Bank*, 236 N.W.2d 674, 679 (Iowa 1975); *Clark v. Figge*, 181 N.W.2d 211, 214 (Iowa 1970). We can see no compelling reason for us to decline to extend this concept to a non-commercial context. Directed by the foregoing rationale, and in the light of the above cited authorities we are persuaded that an independent cause of action for the wrongful interference with a bequest does exist, recognizing as we do the difficulties attendant to recovery in such an action. We conclude, therefore, the trial court erred in transferring the cause of action to the probate docket and later dismissing it by sustaining defendants' motion for summary judgment.

II. In light of the conclusion we reach in the foregoing division, we deem it unnecessary to extend this opinion by discussing the second issue stated by plaintiff for review.

III. We are unable to adopt the reasoning of the trial court and to say that the plaintiff's petition as a certainty failed to state claims upon which any relief might be granted under any state of facts which could be proved in support of the plaintiff's claims. In reviewing the grant or denial of summary judgment motions, we view the underlying facts contained in the pleadings and the inferences to be drawn therefrom in the light most favorable to the party opposing the motion, and give to such party the benefit of any doubt as to the propriety

**796**

of granting summary judgment. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied, and to reverse the grant of summary judgment if it appears from the record there is an unresolved issue of material fact. *Klinger-Holtze v. Sulzbach Construction Company*, 262 N.W.2d 290, 293–294 (Iowa 1978); *Iowa Department of Transportation v. Read*, 262 N.W.2d 533, 536 (Iowa 1978); *Unification Church v. Clay Central School District*, 253 N.W.2d 579, 581 (Iowa 1977).

We therefore hold the trial court erred in transferring the cause of action to the probate docket and then dismissing it by sustaining defendants' motion for summary judgment. This case is, therefore, reversed and remanded for further proceedings.

REVERSED AND REMANDED.