John BAHNSEN, Appellee,

v.

Phillip RABE and Ryan-Berigan Live-
stock Service, Inc., Appellants.

No. 62066.

Supreme Court of Iowa.

March 21, 1979.

**414**

Thomas E. Gustafson, of Norelius, Norelius & Gustafson, Denison, for appellants.

Warren L. Bush, of Reimer & Vipond, Denison, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and ALLBEE, JJ.

ALLBEE, Justice.

John Bahnsen brought this action to recover damages caused by defendants' breach of an oral contract to sell and deliver cattle. Trial court found that the existence of a contract was established, that it had been breached, and that plaintiff had been damaged in the amount of $1800. The court then certified the cause as one in which appeal should be allowed. *See* Iowa R.App.P. 3. We are satisfied that the certificate was properly issued, *see Newman v. City of Indianola,* 232 N.W.2d 568, 571 (Iowa 1975), agree with the judgment rendered by trial court, and affirm.

I. *Statute of Frauds.* Defendants first contend that trial court erred in refusing to grant a "directed verdict" because plaintiff failed to establish that the contract fell without the statute of frauds. Specifically, they insist that there was no admission of the contract by defendant Phillip Rabe under section 554.2201(3)(b), The Code 1977. Plaintiff's response is that any statute of frauds defense was waived. We defer consideration of plaintiff's response because defendants' contention is unfounded.

As noted above, trial court found that a contract existed which bound both defendants. It did not make any findings on whether defendants had admitted the contract or otherwise waived the statute of frauds defense. Findings of fact by trial courts are, however, given a liberal construction favorable to the judgment. *In re Estate of Evans,* 228 Iowa 908, 918–19, 291 N.W. 460, 464–65 (1940). Independent claims not addressed in the findings but inconsistent with the judgment are deemed to have been decided adversely to the losing party. *Baker v. Palmer,* 192 Iowa 1321, 1323, 186 N.W. 419, 420 (1922); *Miinch v. Miinch,* 148 Iowa 18, 20, 126 N.W. 937, 937–38 (1910). Because "[t]he trial court's judgment for [a party] generally involves a finding in his favor on the issues . . .," *Baker v. Palmer,* 192 Iowa at 1323, 186 N.W. at 420, review is merely to determine whether the evidence is adequate to support the findings which trial court is thus deemed to have made. *See In re Estate of Evans,* 228 Iowa at 919, 291 N.W. at 465. This rule applies even though trial court made special findings of fact, as required by Iowa R.Civ.P. 179(a). *See Miinch v. Miinch,* 148 Iowa at 20, 126 N.W. at 937–38.

■ The standard for determining whether trial court's findings of fact are supported by substantial evidence was set out in *Pillsbury Co. v. Ward,* 250 N.W.2d 35, 38 (Iowa 1977). When examined in the light of this standard, there is sufficient support for a finding by trial court that defendant Rabe admitted the contract during direct examination by plaintiff. Such an admission, made involuntarily during examination as an adverse witness, is sufficient to bring the contract within the exception provided by section 554.2201(3)(b), The Code. *Quad County Grain, Inc. v. Poe,* 202 N.W.2d 118, 120 (Iowa 1972); *Lewis v. Hughes,* 276 Md. 247, 256–58, 346 A.2d 231, 236–37 (1975).

■ Finally, as plaintiff suggests, defendants waived the statute of frauds defense by failing to make timely objections to evidence at trial. Objections should be directed at evidence, other than the testimony of the party against whom enforcement of the contract is sought, when that evidence is intended to establish a contract. Those objections should indicate that the contract is unenforceable under section 554.2201, The Code. *See generally* J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 2–7, at 61 (1972).

■ II. *Existence of a Contract.* Defendants also claim that their motion for "directed verdict" should have been sustained because no contract was shown to exist. Specifically, they contend that mutual assent was not established because it was shown that plaintiff did not have to accept the cattle. The court's findings, however, indicate that Rabe agreed to sell and that plaintiff agreed to buy the cattle in question. It did not find that plaintiff had any right to reject the cattle.

The question is whether trial court's findings were supported by substantial evidence. Again applying the standard recited in *Pillsbury Co. v. Ward,* 250 N.W.2d at 38, we conclude that adequate support existed for the court's fact-finding.

■ III. *Adequacy of Proof of Damages.* Defendants next assert that the court erred when it found that the price of cattle had increased six dollars per hundred weight after the breach. They also raise the best evidence rule, saying that plaintiff must prove his case by the best evidence available.

Once again, the question concerns sufficiency of the evidence. *See Northrup v. Miles Homes, Inc. of Iowa,* 204 N.W.2d 850, 857 (Iowa 1973); *Patterson v. Patterson,* 189 N.W.2d 601, 605 (Iowa 1971). In light of the oft-repeated standard for proof of damages recited in *Basic Chemicals, Inc. v. Benson,* 251 N.W.2d 220, 233 (Iowa 1977), there can be no question but that substantial evidence existed to show that plaintiff sustained damages. Both he and his neighbor, Corvin Teut, testified without equivocation that the price of cattle rose following defendants' breach. There was a reasonable basis from which to infer the amount of damages. Trial court determined damages on the basis of the minimum price increase which plaintiff estimated, less shipping costs, and on the minimum contract weight of the cattle. Trial court's findings on this point were based on substantial evidence.

■ The best evidence rule has no application. That rule merely excludes secondary evidence when attempting to establish the terms of a document. *U. S. Homes, Inc. v. Yates,* 174 N.W.2d 402, 404 (Iowa 1970). There was no attempt to establish the terms of any writing in this case.

■ IV. *Hearsay.* Finally defendants complain about an instance in which trial court admitted hearsay testimony. Plaintiff testified that his neighbor, Teut, had told plaintiff about the cattle which Rabe had for sale. Plaintiff was asked if Teut had stated whether Rabe had located or purchased the cattle in question. Defendants objected and trial court reserved its ruling and allowed the answer. This was in accord with the court's statement of "ground rules" at the commencement of trial: "I will reserve ruling on the objections at this time and take all evidence subject to the objections." Defendants nev-

er demanded or obtained a ruling on their objection. Failure of defendants to obtain a ruling on their objection constituted a waiver of any error. *In re Estate of Coleman,* 238 Iowa 768, 770, 28 N.W.2d 500, 502 (1947).

Assuming, however, that admission of the testimony was error and that the error was preserved, reversal is not required. Teut himself testified to the same facts later in the trial. The purposes of the hearsay rule were satisfied. Any error was harmless. *See Kalianov v. Darland,* 252 N.W.2d 732, 736 (Iowa 1977).

AFFIRMED.