Dean E. MEYLOR, Appellant,

v.

Ronald K. BROWN, Individually and d/b/a Brown Chevrolet and Buick Company, and Brown Chevrolet Company, Inc., Appellees.

No. 62626.

Supreme Court of Iowa.

July 25, 1979.

David L. Sayre of McDonald, Sayre & Wittgraf, Cherokee, for appellant.

Justus R. Miller of Miller, Miller & Miller, Cherokee, for appellees.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McCORMICK, and LARSON, JJ.

UHLENHOPP, Justice.

This appeal questions the applicability of the promissory estoppel doctrine to the statute of frauds which is in the Uniform Commercial Code. *See* § 554.2201, The Code 1977; *Warder & Lee Elevator, Inc. v. Britten*, 274 N.W.2d 339 (Iowa 1979). We had not yet decided *Warder & Lee* when the trial court gave judgment in this case. The trial court stated at that time, "The direct conflict between the Statute of Frauds and the doctrine of promissory estoppel must be ultimately resolved by the Supreme Court."

The pleadings and affidavit of plaintiff Dean E. Meylor assert the following. General Motors Corporation announced production of a limited number of special edition cars to be known as "Indy Pace Car Corvettes." Defendants Brown and Brown Chevrolet told Meylor they would receive one of the cars and offered to sell it to him outright for $12,524.69. An order form was filled out and submitted to Meylor, who

signed it. Defendants customarily took signed orders for car purchases without affixing their own signatures. Thereafter Meylor visited defendants' dealership 15 to 20 times inquiring about the arrival of his car; no one indicated to him that he had not bought the car, that the order was rejected, or that the price would change. Relying on defendants' promises to provide the car, Meylor refrained from attempting to obtain such a car from another dealer. Before the car arrived its market price tripled because of the limited number of these special cars, making purchase elsewhere by Meylor practically impossible. When the car ultimately arrived, defendants demanded $40,000 for it. Meylor tendered the amount stated in the order, but defendants refused to accept that sum. Meylor then sued for specific performance and damages.

Defendants' pleadings and affidavit deny a contract was made and contend that since defendants never signed the order it was not accepted. The order form contains the following acceptance clause in bold print above the lines for the parties' signatures: "THIS AGREEMENT IS NOT BINDING UNTIL ACCEPTED BY THE SELLING DEALER OR HIS AUTHORIZED REPRESENTATIVE." Meylor signed in the appropriate place, but the line below, which follows the words "ACCEPTED BY", is blank. Defendants made additional statements in their court papers to negate statutory exceptions to the statute of frauds.

Defendants moved for summary judgment. After hearing, the trial court sustained the motion, holding that promissory estoppel does not apply under the statute of frauds in the Uniform Commercial Code. Meylor appealed.

■ We stated the governing principles regarding motions for summary judgment in *Frohwein v. Haesemeyer*, 264 N.W.2d 792, 795–96 (Iowa 1978):

> In reviewing the grant or denial of summary judgment motions, we view the underlying facts contained in the pleadings and the inferences to be drawn therefrom in the light most favorable to the party opposing the motion, and give to such

party the benefit of any doubt as to the propriety of granting summary judgment. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied, and to reverse the grant of summary judgment if it appears from the record there is an unresolved issue of material fact.

I. Our decision in *Warder & Lee* came between the trial court's judgment and submission of this appeal. Defendants first ask us to reconsider and overturn that decision, and they present cogent arguments in support of their position. We gave *Warder & Lee* due consideration at the time, but we have nonetheless carefully reexamined it. We need not retrace the steps which we took in that opinion, but we must consider an additional issue raised by defendants.

In *Warder & Lee* we decided that promissory estoppel applies to cases involving the Uniform Commercial Code statute of frauds, section 554.2201, citing by analogy cases decided under the general statute of frauds, section 622.32. 274 N.W.2d at 342. Defendants contend that promissory estoppel should not have been extended to cases involving section 554.2201, arguing that section 554.2201 is a rule of substantive law whereas section 622.32 is merely a rule of evidence.

■ We are unable to accept this contention. Oral contracts under either section are not prohibited or void; if objection is interposed they are merely unprovable unless an exception applies. *See Bahnsen v. Rabe*, 276 N.W.2d 413, 415 (Iowa 1979). If a defendant admits that an oral contract was made, then under section 622.35 or under section 554.2201(3)(b) the contract is as good and enforceable as if scribed on parchment. The members of this court do not disagree on the proposition that the statute of frauds in section 554.2201 is a rule of evidence. *Warder & Lee*, 274 N.W.2d at 346 (Reynoldson, C. J., dissenting) ("The § 554.2201 statute of frauds is only a rule of evidence.").

■ Upon reconsideration we again conclude that *Warder & Lee* reflects the preferable rule and that promissory estoppel applies with equal force to sections 622.32 and 554.2201.

II. Defendants' other contention is that, even if promissory estoppel is accepted as law, the doctrine does not apply under the present circumstances.

■ A. Before we directly address this question we observe that suitors sometimes become so engrossed in obviating the statute of frauds they overlook the necessity of establishing the parties entered into a parol contract. *McCubbin Seed Farm, Inc. v. Tri-Mor Sales, Inc.,* 257 N.W.2d 55, 59 (Iowa 1977). In ruling upon the statute of frauds question here, we do not suggest that Meylor has established that a contract does exist. That is an issue for trial. In this connection defendants argue that under the printed acceptance clause, the alleged parol agreement is not binding unless accepted by the dealer's signing the form. Defendants may of course press that clause to the attention of the fact finder, together with the order form unsigned by them, in an attempt to show the parties did not in fact intend to contract. Defendants are right that no action is maintainable by Meylor *on the order form itself* because of that clause. But that clause does not legally prohibit a parol contract; if it did, defendants would be able to give contractual force to a clause in an order form which they themselves argue is not a contract. Meylor is not attempting to enforce the order form as a contract, he is seeking to enforce an alleged parol agreement; that is the reason the statute of frauds problem exists. His claim that this dealer customarily did not sign orders but nevertheless carried them out is directed toward corroborating his allegation that these parties did in fact intend to contract orally. These are factual questions.

■ B. *Warder & Lee* set forth the essentials of promissory estoppel thus in 274 N.W.2d at 343:

In order to obtain the benefit of the doctrine of promissory estoppel to defeat a statute of frauds defense, the promisee must show more than the nonperformance of an oral contract. *See 3 Williston on Contracts* § 553A (Third Ed. Jaeger, 1960). Under § 217A ʼ[of the *Restatement (Second) of Contracts*] the defense cannot be overcome, when it is otherwise applicable, unless the promisee proves (1) the promisor should reasonably have expected the agreement to induce action or forbearance, (2) such action or forbearance was induced, and (3) enforcement is necessary to prevent injustice.

In deciding whether the third element is met, we consider the factors set out in section 217A(2) of *Restatement (Second) of Contracts* (Tent. Drafts Nos. 1–7, 1973):

(2) In determining whether injustice can be avoided only by enforcement of the promise, the following circumstances are significant:

(a) the availability and adequacy of other remedies, particularly cancellation and restitution;

(b) the definite and substantial character of the action or forbearance in relation to the remedy sought;

(c) the extent to which the action or forbearance corroborates evidence of the making and terms of the promise, or the making and terms are otherwise established by clear and convincing evidence;

(d) the reasonableness of the action or forbearance;

(e) the extent to which the action or forbearance was foreseeable by the promisor.

■ Consideration of Meylor's papers on file makes manifest that a factual issue exists as to whether the elements of promissory estoppel are present here. Hence this case is not an appropriate one for disposition by summary judgment.

Defendants forcefully argue a number of other contentions to demonstrate that promissory estoppel is inapplicable. These and similar contentions, however, go to the *factual* determination of the applicability of promissory estoppel under the evidence. Thus the question of whether Meylor's for-

bearance in seeking a car elsewhere was immaterial—because no such car was available, or available at anything like the same price—is an argument to be addressed to the fact finder. Also the question of who should have the profit from the advance in market price would be a factual argument relating to the third element of promissory estoppel ("enforcement is necessary to prevent injustice").

Whether the parties intended to make a contract in the first place is likewise to be addressed to the fact finder rather than to us. Indeed the turns and twists that the case may take at trial cannot now be anticipated; while defendants presently deny that they legally entered into a contract, under cross-examination they may be compelled to relate evidentiary facts and circumstances which a fact finder might find (a) confirm the existence of the parol contract that plaintiff must establish and (b) obviate the statute of frauds by virtue of section 554.2201(3)(b) (otherwise valid contract is enforceable against a defendant who "admits in his pleading, testimony or otherwise in court that a contract for sale was made").

This court stated in *Daboll v. Hoden*, 222 N.W.2d 727, 733 (Iowa 1974), "If reasonable minds could draw different inferences and reach different conclusions from the facts, even though undisputed, the issue must be reserved for trial." We do not now intimate whether Meylor is entitled to recover. We only hold *Warder & Lee* requires that the motion for summary judgment be overruled.

REVERSED.

All Justices concur except REYNOLDSON, C. J., who dissents.

REYNOLDSON, Chief Justice (dissenting).

I dissent for the reasons stated in my dissenting opinion in *Warder & Lee Elevator, Inc. v. Britten*, 274 N.W.2d 339, 344 (Iowa 1979).