James **ALBERG**, Plaintiff-Appellant,

v.

**HARDIN MARINE CORPORATION,**
Defendant-Appellee,

and

**Jim Johnson and William D. Rasson, individually and as partners, d/b/a Jet Boat Engineering, Performance Jet Boats of Dubuque, Inc., an Iowa Corporation, A.J. Becker and Terrence Tigges, Individually and as partners, Defendants.**

No. 85–580.

Court of Appeals of Iowa.

March 31, 1986.

Louis P. Pfeiler, Dubuque, for plaintiff-appellant.

A. John Arenz of O'Connor, Thomas, Hammer, Bertsch & Norby, Dubuque, for defendant-appellee.

Heard by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Plaintiff appeals the trial court's granting of summary judgment in favor of defendant. Plaintiff contends the trial court erred in sustaining the motion in that a legal issue remained unresolved as to whether defendant had a duty to warn subsequent users of their product of the danger of modification in installation. We reverse and remand.

In September 1979, James Alberg, an employee of Dubuque Marina, was injured while operating a jet boat owned by the Marina. The accident resulting in Alberg's

injuries occurred while Alberg was giving a demonstration ride.

Some testimony indicates that the accident occurred because Albert struck a tree stump. Alberg maintains, however, that the accident was caused by a failure in the motor mount assembly. Two bolts in the assembly were too short. As a result, plaintiff claims that while the boat was being operated, the bolts loosened and the motor dislodged causing the accident.

Defendant Hardin Marine allegedly furnished the motor mount assembly used in installing the engine in the jet boat. Albert sought recovery against defendant based on negligence and strict liability. Specifically, plaintiff claimed Hardin Marine was negligent in furnishing bolts of improper length, failing to furnish proper instructions for the installation of mounts, and failing to warn that the bolts supplied were of improper length and improperly installed. Albert also claimed that Hardin Marine was strictly liable since the product was defective and defendant failed to provide adequate instructions.

Hardin Marine filed a general denial. It moved for summary judgment on the ground plaintiff was unable to prove that defendant had supplied the improper bolts found in the wreckage. Apparently the bolts were one-half inch shorter than the bolts routinely furnished with motor mount assemblies. Plaintiff resisted on the ground a material issue remained as to whether defendant was negligent in that it had a duty to warn of improper installation. Plaintiff attached an affidavit of an engineer who expressed the opinion that warnings in the installation instructions were required for the safety of future users.

Trial court granted Hardin Marine's motion for summary judgment on the ground that Hardin Marine was not under an obligation to warn against substituting bolts other than those provided by Hardin Marine, that the bolts used were not those provided by Hardin Marine, and that the failure was the result of substituting bolts other than those provided by Hardin Marine. Alberg has appealed.

In reviewing the grant or denial of a summary judgment motion, we view the underlying facts contained in the pleadings and the inferences to be drawn therefrom in the light most favorable to the party opposing the motion, and give to such party the benefit of any doubt as to the propriety of granting summary judgment. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied, and to reverse the grant of summary judgment if it appears from the record there is an unresolved issue of material fact. *Meylor v. Brown*, 281 N.W.2d 632, 634 (Iowa 1979); *Frohwein v. Haesemeyer*, 264 N.W.2d 792, 795–96 (Iowa 1978). "[I]ssues of negligence, contributory negligence and proximate cause, the resolution of which requires determination of the reasonableness of the acts and conduct of the parties ..., are ordinarily not susceptible to summary adjudication." *Daboll v. Hoden*, 222 N.W.2d 727, 733 (Iowa 1974).

In the present case, plaintiff claims the trial court erred in determining as a matter of law that Hardin Marine was under no legal obligation to warn subsequent users against substituting bolts which were too short for the assembly.

In general, a supplier of goods is required to supply a warning when the supplier knows or should know the product "is or is likely to be dangerous." *Henkel v. R and S Bottling Co.*, 323 N.W.2d 185, 188 (Iowa 1982). Defendant argues, however, that this duty to warn ceases if the defect or danger was created by an alteration to the product. Since the improper bolts were not supplied by Hardin Marine, it is claimed that there is no issue concerning a warning and summary judgment was proper.

A review of relevant case law leads us to conclude that summary judgment was inappropriate. In *Allers v. Rodgers Machinery Mfg. Co., Inc.*, the supreme court recognized that liability can attach even though a product is altered or changed "if it is foreseeable that the alteration would be made and the change does not unforeseeably render the product unsafe." 268

N.W.2d 830, 838 (Iowa 1978) (quoting *Hales v. Green Colonial, Inc.*, 490 F.2d 1015, 1020 (8th Cir.1974)). The determinative question is whether the intervening alteration can be characterized as a substantial change such that it would be the superseding cause of the injuries. *Id.* As the second circuit recognized:

> [T]he mere fact that there has been some alteration of the product does not, as a matter of law, relieve the manufacturer of liability otherwise attaching to it. ... This, it seems, to us, must be the essence of any doctrine of "substantial alteration," and if the evidence was such that the jury could reasonably have found that the alterations in question were not a superseding cause of the injury, it was error to direct a verdict on that ground.

*Mazzi v. Greenlee Tool Co.*, 320 F.2d 821, 826 (2d Cir.1963).

These principles were applied in *Ward v. Hobart Manufacturing Company*, 317 F.Supp. 841 (1970 S.D.Miss.). In *Hobart*, defendant manufactured a meat grinder equipped with a guard-pan to preclude the insertion of a hand into the machine's feed funnel. *Id.* at 844. The machine was later sold to the plaintiff by an owner who had removed and kept the guard-pan. *Id.* There were no warnings printed on the machine and the plaintiff, unaware of the existence of such a device, suffered hand injuries while attempting to clean the funnel. *Id.* at 844–45. The district court held that the manufacturer was liable and that the removal of the guard-pan did not preclude recovery. *Id.* at 850. In reaching this result, the court reasoned that "the defendant could and should have reasonably foreseen the likelihood of the detachable guard-pan being lost or misplaced somewhere down the line of this machine's resale to and use by others who would have no knowledge of the existence of the guard-pan and who were given no warning whatsoever of the necessity of its use to prevent substantial harm and injury to them." *Id.*

In the present case, it was for the jury to determine whether the substitution of new bolts was a foreseeable intervening cause or whether it was a substantial alteration which would preclude recovery. As in *Hobart*, a jury could conceivably find that the manufacturer should have foreseen that the motor mount assembly would be reused and the bolts which were supplied would be lost or misplaced.

Based on the limited record before this court, we cannot say as a matter of law that the manufacturer had no duty to warn users against substituting bolts of an improper length. The plaintiff is entitled to have his day in court and have his claims considered by a jury. We therefore reverse and remand.

REVERSED AND REMANDED.