In the Matter of the ESTATE OF Stella
ROCKAFELLOW, Deceased,
Plaintiff–Appellee,

v.

Larry LIHS, Valleen Ziengenhorn, f/k/a
Valeen Jackson, Defendants,

and

Hoover Nature Trail, Inc., And Any and
All Persons Claiming Adversely to Certain Real Estate Situated in Sections 17
and 20 of Township 74, Range 3 West of
the 5th P.M., Louisa County, Iowa, Defendant–Appellant.

No. 91–1692.

Court of Appeals of Iowa.

Nov. 30, 1992.

Steven A. Sents of Newell & Sents Law Offices, Columbus Junction, for appellant.

John D. Rockafellow, San Diego, CA, and Roger M. Rockafellow, Clinton, executors for appellee.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Roger Rockafellow, as executor of the estate of Stella Rockafellow and successor in interest to the original grantor, brought this action to quiet title to a strip of railroad property located on his farmland. Rockafellow claims title pursuant to Iowa Code section 327G.76–.77 (1991) because the strip of land was a railroad right-of-way and has been abandoned. Rockafellow contends the original deed conveyed only an easement and thus the property reverts to the estate. One contestant of the quiet title action, Hoover Nature Trail Inc. (Hoover), claims the conditions for reversion have not been met because the property has not been abandoned. Specifically, Hoover contends its intended use of the property for biking paths does not constitute abandonment. The trial court granted summary judgment to Rockafellow, holding the original grant was an easement which reverted to the estate when the strip of land was abandoned. Thus the court quieted title to the estate. Hoover appeals.

On February 11, 1944, J.D. Rockafellow and his wife, Stella Rockafellow, received a deed to the property adjacent to the strip of land involved in this case. The deed excepted this strip of land and described it as "the right of way of the Chicago, Rock Island and Pacific Railway Company." We must review the history behind the excepted property. In 1871 Lavina Welch conveyed property to the Burlington, Cedar Rapids and Minnesota Railway Company. The interest in the excepted property was created by a conveyance of land by deed. The granting clause of that deed provided the grantor did:

> give, remise, release, convey, and quitclaim to the said Burlington, Cedar Rapids & Minnesota Railway Company for the purpose of constructing a railroad thereon and for all purposes connected with the construction and use of the said railroad the right-of-way for the said road over and through the ... described tract....

The habendum clause provided the railroad was:

> [t]o have, hold and enjoy the land above described with the appurtenances onto the said Burlington, Cedar Rapids & Minnesota Railroad Company and their assigns forever for any and all uses and purposes in any way (sic) construction, preservation, occupation and enjoyment of the said railroad. Provided, however, that if said railway company or their assigns shall at any time hereafter cease permanently to use said road and the same shall at any time be abandoned or the route thereof be changed so as to not be continued over the said premises, then and in that case said land hereby granted shall revert to the said grantors, their heirs or assigns.

In 1876 the Burlington, Cedar Rapids and Minnesota Railway Company deeded the excepted property to the Burlington, Cedar Rapids and Northern Railway Company. This latter railway deeded the property to the Chicago, Rock Island and Pacific Railway Company in August of 1903. In January of 1948 the excepted property was conveyed to the Chicago, Rock Island and Pacific Railroad Company.

On May 27, 1980, the Interstate Commerce Commission recommended to the United States District Court the entire Rock Island Railroad system be approved for abandonment. This system included the strip of land in question. On June 3, 1980, the court issued an order for abandonment of the railroad system. On June 1, 1984, the property was deeded to the Chicago Pacific Corporation, who subsequently deeded it to Hawkeye Land Company on November 7, 1985. In May of 1990 Hawkeye Land Company conveyed its interest in the property to Hoover.

In March of 1991 the estate of Rockafellow, owner of the property adjoining the railroad line, filed this quiet title action against Larry Lihs, the Hoover Nature Trail, and others. The estate subsequently filed a motion for summary judgment against the defendants. Because the parcel to which Lihs claims title was not presented, the trial court denied Rockafellow's motion for summary judgment against Lihs. This appeal involves the summary

judgment granted against Hoover by the trial court.

■ Summary judgment may be granted when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Iowa R.Civ.P. 237(c). A fact question is generated if reasonable minds can differ on how the issue should be resolved. *Hoefer v. Wisconsin Educ. Ass'n Ins. Trust,* 470 N.W.2d 336, 338 (Iowa 1991). The party moving for summary judgment has the burden of showing the nonexistence of issue of material fact. *First Nat'l Bank v. Kenny,* 454 N.W.2d 589, 591 (Iowa 1990).

The issues before the trial court were (1) the nature of the interest conveyed by the deeds and (2) if an easement was conveyed, if it was merely for railroad or railway purposes. On appeal, Hoover contends the trial court erred in concluding the deed created an easement which had been abandoned upon the cessation of railroad operations and therefore granting summary judgment in favor of the estate.

■ In reviewing a grant of a summary judgment motion, we determine only whether a material fact exists and whether the law was correctly applied. *Meylor v. Brown,* 281 N.W.2d 632, 634 (Iowa 1979) (citing *Frohwein v. Haesemeyer,* 264 N.W.2d 792, 795–96 (Iowa 1978)). In *Macerich Real Estate Co. v. City of Ames* and *Hawk v. Rice* the Iowa Supreme Court addressed the effect of deeds to railroads which contained language similar to the language used in this deed. *Macerich Real Estate Co. v. City of Ames,* 433 N.W.2d 726, 727–28 (Iowa 1988); *Hawk v. Rice,* 325 N.W.2d 97, 98 (Iowa 1982). The Iowa Supreme Court interpreted the deed in *Hawk* as follows:

The granting clause expressly described the conveyance in this case as a right of way for construction and operation of a railroad. The habendum clause added that the railroad was to have, hold and enjoy it "for any and all uses and purposes in any way connected with the construction, preservation, occupation and enjoyment" of the railroad. Similar language has been held in a long line of cases to convey an easement only.

*Hawk v. Rice,* 325 N.W.2d at 99 (citations omitted). In applying this interpretation of the deed language to the deed in this case, we determine the language creates only an easement. We adopt as our own the following findings of the trial court:

[the] granting clause conveyed a "right-of-way" for the purpose of "constructing a railroad thereon and for all purposes connected with the construction and use of said railroad." Such language ... conveyed to the railroad only an easement for railroad purposes. The Habendum clause ... provides that the railroad's interest was "for any and all occupation and enjoyment of the said railroad." This further suggests an easement solely for railway purposes was conveyed by the grantor ... to the railroad.

We conclude the deed in this case conveyed to the railroad only an easement for railroad purposes.

■ Next we address the extinguishment of this easement. Iowa Code section 327G.77 provides that if a railroad easement is extinguished under section 327G.76, the property shall pass to the owners of the adjacent property at the time of abandonment. Iowa Code § 327G.76, .77 (1991). The deed expressly limits the easement to railroad purposes. Hoover does not contend it intends to continue any railroad operation. In *Macerich* the Iowa Supreme Court found "section 327G.76 does in fact effect an extinguishment." Accordingly we conclude the cessation of service by the railroad caused the extinguishment of the railroad's easement. *Macerich,* 433 N.W.2d at 729–30. Here the property passes to the owner of the adjacent land at the time of the abandonment, which was Rockafellow. `

We hold no genuine issues of material fact exist. We affirm the summary judgment and the quiet title decree of the trial court.

AFFIRMED.