# IN THE SUPREME COURT OF IOWA

No. 21–1211

Submitted October 12, 2022—Filed January 6, 2023

**STATE OF IOWA,**

   Appellee,

vs.

**BENJAMIN G. TRANE,**

   Appellant.

---

Appeal from the Iowa District Court for Lee (South) County, Mark Kruse, Judge.

The defendant appeals the district court's conclusion on remand that he failed to show that an alleged victim had made false accusations of sexual abuse against the victim's adoptive or foster parents. **AFFIRMED.**

May, J., delivered the opinion of the court, in which all justices joined.

Alfredo Parrish (argued) of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer L.L.P., Des Moines, for appellant.

Brenna Bird, Attorney General, and Tyler J. Buller (argued) (until withdrawal) and Martha E. Trout, Assistant Attorneys General, for appellee.

**MAY, Justice.**

The State charged Benjamin Trane with crimes toward certain minors, including sexual abuse and sexual exploitation of a female victim, K.S. A jury found Trane guilty of three crimes, including assault with intent to commit sexual abuse toward K.S. The district court sentenced Trane to prison. Trane appealed. This court remanded with instructions for the district court to hold a "rule 5.412 hearing to determine whether, by a preponderance of the evidence," K.S. made certain "false allegations of sexual abuse." *State v. Trane* (*Trane I*), 934 N.W.2d 447, 466 (Iowa 2019). If so, Trane would be entitled to a new trial.

Following a hearing, the district court concluded Trane had not carried his burden and, therefore, Trane was not entitled to a new trial. Now Trane appeals again. He argues the district court abused its discretion by denying his motion for recusal, by considering certain evidence, and by concluding that Trane failed to prove K.S. made false allegations of sexual abuse.

Following our review, we conclude that Trane has failed to show any abuse of discretion by the district court. So we affirm.

**I. Facts and Procedural History.**

In our prior opinion, *Trane I*, we described the facts and history of this case. *See id.* at 450–55. We decline to repeat all of it here. But the following facts are relevant for this appeal.

In 2003, Trane and his wife started a school for troubled youth in Keokuk, Iowa. In 2015, there were allegations of sexual abuse toward a female, K.S., as well as physical abuse toward two males. The State charged Trane with (1) sexual

abuse in the third degree, (2) sexual exploitation by a counselor or therapist, and (3) child endangerment. A jury found Trane guilty of three charges: (1) assault with intent to commit sexual abuse; (2) pattern, practice, or scheme to engage in sexual exploitation by a counselor or therapist; and (3) child endangerment. Trane moved for a new trial. Among other things, Trane argued the district court should have allowed evidence that K.S. had previously made false allegations of sexual abuse against her adoptive and foster parents.

On May 10, 2018, the court heard evidence and argument on Trane's motion for a new trial. Ultimately, the court denied the motion. The same day, the court sentenced Trane to prison.

Trane appealed. Among other things, Trane argued that the district court should have conducted a rule 5.412 hearing before deciding whether to exclude evidence that K.S. had previously made false allegations of sexual abuse. We agreed and remanded with these directions:

> For the foregoing reasons, we conditionally remand. The district court should conduct an in camera rule 5.412 hearing to determine whether, by a preponderance of the evidence, K.S. made false allegations of sexual abuse against her adoptive or foster parents. If false allegations were made, then Trane is entitled to a new trial. The new trial would extend to all counts, including the child endangerment count, because of the risk that all three verdicts could have been affected by the limits on Trane's ability to present a defense on the sex-related counts. If Trane does not make this showing, then his convictions and sentence should be affirmed.

*Id.* at 466; *see generally* Iowa R. Evid. 5.412(*c*) (establishing procedure to determine admissibility of other sexual behavior in criminal proceedings involving alleged sexual abuse).

Consistent with our remand instructions, the district court scheduled a rule 5.412 hearing. Prior to that hearing, Trane filed a motion for recusal of the judge who was scheduled to preside. As the motion noted, that same judge had presided over Trane's May 2018 new trial hearing and sentencing. And, according to Trane, "[a] fair and even reading of the transcript from [that] hearing makes it apparent that serious issues exist that [would] challenge [the judge's] ability to serve as an impartial and neutral arbiter." Trane claimed the judge engaged in combative dialogue towards his counsel, assumed the role of prosecutor, threatened to eject attendees supporting him, made impermissible statements during sentencing, and more. The State resisted. Following a hearing, the court denied the motion.

Soon after, the district court held the mandated rule 5.412 hearing. K.S.'s adoptive parents both testified. Both denied any physical or sexual abuse. K.S. also testified. She described physical and sexual abuse by her adoptive father. Also, Trane offered a transcript of K.S.'s deposition. In it, K.S. described physical abuse by both adoptive parents as well as sexual abuse by her adoptive father.

In a written ruling, the court concluded that "[b]ased on the totality of the evidence, the court d[id] not find that, by a preponderance of the evidence, K.S. made false allegations of sexual abuse against her adoptive parents or the foster parents." So the court declined to grant a new trial. Trane filed a notice of appeal. We retained the case.[1]

---

[1]The State argues that we lack jurisdiction because the order following remand was not a final judgment of sentence. *See* Iowa Code § 814.6(1) (2015). But the State does not deny that a final judgment of sentence was entered prior to Trane's first appeal, *Trane I*. And the State

**II. Analysis.**

**A. Recusal Motion.** Trane claims that the court abused its discretion by denying his motion to recuse. We disagree.

"We review a judge's decision on a motion to recuse for abuse of discretion." *Carter v. Carter*, 957 N.W.2d 623, 631 (Iowa 2021). "The court abuses its discretion when its decision is based on untenable grounds or it has acted unreasonably." *State v. Millsap*, 704 N.W.2d 426, 432 (Iowa 2005). In applying this standard, we bear in mind that "[t]here is as much obligation for a judge not to recuse when there is no occasion for [the judge] to do so as there is for [the judge] to do so when there is." *State v. Mann*, 512 N.W.2d 528, 532 (Iowa 1994) (first alteration in original) (quoting *Hinman v. Rodgers*, 831 F.2d 937, 939 (10th Cir. 1987) (per curiam)).

A judge should recuse when the "judge's impartiality might reasonably be questioned." *Id.* (quoting Iowa Code of Judicial Conduct, Canon 3(D)(1)). This is

---

acknowledges that—when we remanded in *Trane I*—we had authority to authorize a future appeal following remand. The State claims, though, that because our opinion in *Trane I* did not *expressly* mention the possibility of a future appeal, we must not have "intended to authorize an appeal" following remand. We disagree. As Trane correctly notes, we regularly remand criminal cases for specific proceedings. We do so with the understanding that a postremand appeal will be available if needed. *See, e.g.*, *State v. Veal*, 930 N.W.2d 319, 340 (Iowa 2019) (conditional affirmance and remand), *aff'd*, 972 N.W.2d 728, 737 (Iowa 2022) (appeal following remand ruling); *State v. Williams*, 929 N.W.2d 621, 638 (Iowa 2019) (conditional affirmance and remand), *aff'd*, 972 N.W.2d 720, 725 (Iowa 2022) (appeal following remand ruling); *State v. Lilly*, 930 N.W.2d 293, 309 (Iowa 2019) (conditional affirmance and remand), *aff'd*, 969 N.W.2d 794, 800 (Iowa 2022) (appeal following remand ruling); *State v. Plain*, 898 N.W.2d 801, 829 (Iowa 2017) (conditional affirmance and remand), *aff'd*, 969 N.W.2d 293, 299 (Iowa 2022) (appeal following remand ruling). In some opinions, we have expressly mentioned the defendant's right to a postremand appeal. *E.g. State v. Johnson*, 272 N.W.2d 480, 485 (Iowa 1978); *State v. Hall*, 235 N.W.2d 702, 731 (Iowa 1975) (en banc) ("Of course, defendant's right to appeal from the trial court's In camera determination is preserved."). More often, though, authorization for a postremand appeal is implied by the fact that we are remanding for further proceedings—which, of course, may lead to new issues that require appellate review. That is what occurred in this case.

an objective test. *Id.* "Actual prejudice must be shown before recusal is necessary, and speculation is not sufficient." *Carter*, 957 N.W.2d at 644.

A judge's impartiality might be questioned when the judge "has a personal bias or prejudice concerning a party." *Id.* (quoting Iowa Code § 602.1606(1)(*a*)). But "[o]nly personal bias or prejudice stemming from an extrajudicial source constitutes a disqualifying factor." *Millsap*, 704 N.W.2d at 432. "Judicial predilection or an attitude of mind resulting from the facts learned by the judge from the judge's participation in the case is not a disqualifying factor." *Id.*; *see also State v. Smith*, 242 N.W.2d 320, 324 (Iowa 1976) ("[E]vidence presented in the trial of a prior cause, or definite views on the law, create no personal bias since they do not stem from an extrajudicial source.").

Applying these principles here, we find no grounds for reversal. We have considered all of Trane's arguments, including his claims that the judge engaged in combative dialogue towards Trane's counsel, assumed the role of prosecutor, threatened to eject attendees supporting Trane, and made impermissible statements during sentencing. From our review of the record, however, we find no statements or actions suggesting that the judge acted from "personal bias or prejudice stemming from an extrajudicial source." *Millsap*, 704 N.W.2d at 432. We note also that the judge issued a written order explaining his reasons for declining to recuse. In that order, we find no reasons to think that the court's decision was "based on untenable grounds" or that the court "acted unreasonably." *Id.* Rather, the judge carefully considered Trane's arguments—

and also "examine[d his] own conscience"—before concluding there was "no basis for the recusal motion."

"The burden of showing grounds for recusal is on the party seeking it." *State v. Biddle*, 652 N.W.2d 191, 198 (Iowa 2002). Trane has not shown that the district court abused its "sound discretion" by denying his recusal motion. *State v. Kolbet*, 638 N.W.2d 653, 664 (Iowa 2001) ("Disqualification is committed to the sound discretion of the judge."). So we decline to grant relief on this basis.

**B. Evidence Considered.** Trane also argues that the district court abused its discretion by conducting the rule 5.412 hearing contrary to the Iowa Rules of Evidence and the directions for remand in *Trane I*. Specifically, Trane argues that the district court should not have considered (1) evidence about K.S.'s allegations of *physical* abuse, (2) evidence that the adoptive mother lacked knowledge of K.S.'s allegations against Trane, and (3) whether K.S.'s testimony was consistent with her testimony in other proceedings.

Before we can reach the merits of these complaints, though, we must consider the State's concerns about error preservation. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we decide them on appeal." *State v. Bynum*, 937 N.W.2d 319, 324 (Iowa 2020) (quoting *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012)). We will not consider an evidentiary complaint unless the complaining party made their "specific objection" to the evidence "known" in the district court, and the court had the "opportunity to pass upon the objection and correct any error." *State v. Brown*, 656 N.W.2d 355, 361 (Iowa 2003). When an

evidentiary concern is "not adequately raised by proper specific objection" before the district court, we consider it "waived." *State v. Ware*, 338 N.W.2d 707, 712 (Iowa 1983). And even when an objection is properly raised, failure "to obtain a ruling on the[] objection" generally "constitute[s] a waiver of any error." *Bahnsen v. Rabe*, 276 N.W.2d 413, 415–16 (Iowa 1979); *see Linge v. Ralston Purina Co.*, 293 N.W.2d 191, 195 (Iowa 1980) (en banc) ("A trial court may not be put in error unless the issue was presented for ruling, and the failure to obtain a ruling is inexcusable unless the court refuses or fails to rule after a ruling is requested.").

Applying these principles here, we conclude Trane waived any error as to the court's consideration of both physical and sexual abuse, as opposed to just sexual abuse alone. In fact, during the 5.412 hearing, Trane was the first party to introduce evidence about physical abuse. During Trane's direct examination of the adoptive father and mother, Trane asked them both whether K.S.'s allegations of sexual or physical abuse were true. And Trane introduced the transcript of K.S.'s deposition—in which she testified about physical abuse by the adoptive parents. Also, during the State's direct examination of K.S., the State asked her about physical abuse by her adoptive parent—but Trane did not object.

Likewise, Trane also waived any error in the introduction of evidence that the adoptive mother lacked knowledge of K.S.'s allegations against Trane. Trane never objected to this testimony.

Finally, Trane waived any error in the district court's consideration of K.S.'s testimony from before the 5.412 hearing itself. Trane did not raise this

objection below. Indeed, Trane introduced K.S.'s testimony from her deposition, which occurred long before the 5.412 hearing.

But Trane asks us to take a different view of K.S.'s trial testimony. No transcript of that testimony was introduced at the 5.412 hearing. So, Trane claims, he had no reason to object to the district court's possible consideration of K.S.'s trial testimony.

We notice, though, that Trane brought up K.S.'s trial testimony during the 5.412 hearing. When Trane's counsel began his cross-examination of K.S., he put K.S. on notice that he had "read [her] trial transcript." Later, counsel asked K.S. whether a specific statement that she had made during her "testimony . . . in the first trial" was true. Arguably, these references waived any objection to the court's consideration of K.S.'s trial testimony.

In any event, once the district court issued its written ruling, Trane became aware that the court had indeed considered K.S.'s trial testimony. At that point, Trane could have filed a motion to reconsider. By doing so, Trane could have informed the district court of his objection and—crucially—given the court an "opportunity to pass upon the objection and correct any error." *Brown*, 656 N.W.2d at 361. But Trane did not. As a result, the district court never learned of Trane's objection and (of course) the court had no chance to rule on it. Under these facts, we cannot find that Trane preserved error. *See In re Det. of Anderson*, 895 N.W.2d 131, 138 (Iowa 2017) ("In order for error to be preserved, the issue must be both raised [below] and decided by the district court.").

Because Trane's evidentiary arguments were not preserved below, we decline to consider them now. *See State v. Dessinger*, 958 N.W.2d 590, 598 (Iowa 2021) (noting error preservation "is rooted in principles of fairness where neither the state nor the defendant can raise a new claim or defense on appeal that could have been, but failed to be, raised at trial").

**C. Substantial Evidence.** Finally, Trane argues the district court abused its discretion by concluding Trane failed to meet his burden of proving K.S. made false accusations of sexual abuse. We disagree.

We review rule 5.412 determinations "for abuse of discretion. Reversal is warranted only upon showing the 'court exercise[d] its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable.' " *State v. Alberts*, 722 N.W.2d 402, 407–08 (Iowa 2006) (alteration in original) (citation omitted) (quoting *State v. Mitchell*, 568 N.W.2d 493, 497 (Iowa 1997)). "A ground or reason is untenable when it is not supported by substantial evidence . . . ." *Fortune v. State*, 957 N.W.2d 696, 703 (Iowa 2021) (quoting *State v. Gomez Garcia*, 904 N.W.2d 172, 177 (Iowa 2017)).

Here, Trane argues substantial evidence did not support the district court's conclusion that Trane failed to meet his burden of proving K.S. made false accusations of sexual abuse against her adoptive parents. We disagree. At the 5.412 hearing, K.S. testified that—indeed—she was sexually abused at the hands of her adoptive father. Likewise, in her deposition, K.S. had also testified to sexual abuse at the hands of her adoptive parents. And, as noted, Trane offered the deposition transcript as an exhibit at the 5.412 hearing.

K.S.'s testimony constitutes substantial evidence that her allegations of sexual abuse were not false. The district court was entitled to believe her.

Note also that the district court did not consider K.S.'s testimony in a vacuum. Rather, as its order shows, the court carefully considered the testimony of the adoptive parents, who denied K.S.'s allegations. Certainly the district court *could have* found their denials were more persuasive. In that case, the court could have concluded that Trane carried his burden. But the court was under no obligation to reach that conclusion.

Trane responds that K.S.'s testimony was so "highly unreliable, contradictory and inconsistent" that it could not be trusted. For instance, Trane asks us to find that K.S. cannot be believed because she's made very similar claims of sexual abuse against multiple abusers. Trane compares this case to *State v. Smith*, in which "the court of appeals found the testimony of a sexual abuse victim was 'inconsistent, self-contradictory, lacking in experiential detail, and, at times, border[ed] on the absurd' and held the testimony was insufficient as a matter of law to support the conviction." *State v. Mathis*, 971 N.W.2d 514, 518 (Iowa 2022) (alteration in original) (quoting *State v. Smith*, 508 N.W.2d 101, 103 (Iowa Ct. App. 1993)). But in our recent *State v. Mathis* decision, we strongly criticized *Smith*:

> *Smith* is an outlier case. It has been criticized in the commentary, and it has not been followed in any sexual abuse case in Iowa since. The primary flaw in *Smith* is that it is inconsistent with the standard of appellate review of jury verdicts, which requires that the evidence be viewed in the light most favorable to the verdict and which requires deference to the jury's resolution of disputed factual issues.

*Id.*

Likewise, we believe *Smith* is inconsistent with our appellate standard in this case, which permits reversal only if the district court has abused its discretion, and which requires deference to the district court's resolution of the disputed factual issue. *See State v. Montgomery*, 966 N.W.2d 641, 649 (Iowa 2021) ("We review rulings on the admissibility of evidence under the rape shield law, Iowa Rule of Evidence 5.412, for abuse of discretion."); *see also State v. Wells*, 629 N.W.2d 346, 356 (Iowa 2001) (en banc) ("[W]e defer to the fact finder's determinations concerning witness credibility."); *State v. Hickman*, 576 N.W.2d 364, 367 (Iowa 1998) (citing *United States v. Kime*, 99 F.3d 870, 885 (8th Cir. 1996), noting that "district court's findings regarding witness' credibility are virtually unreviewable on appeal"). In any event, as in *Mathis*, we find no fatal deficiencies in K.S.'s testimony that would have required the district court to find her unbelievable.

The district court did not abuse its discretion by concluding that Trane failed to prove by a preponderance of the evidence that K.S. had made prior false claims of sexual abuse.

**III. Disposition.**

In *Trane I* we conditionally affirmed the defendant's conviction and remanded with directions to conduct a rule 5.412 hearing. We now conclude Trane has shown no abuse of discretion by the district court in the rule 5.412 hearing or its subsequent ruling. So we grant Trane no relief.

**AFFIRMED.**